Miller's challenge to issues that were resolved at his original sentencing hearing lacks merit, as issues that relate to original sentencing determinations may not be re-litigated in a § 3582(c)(2) proceeding. *United States v. Evans*, 587 F.3d 667, 674 (5th Cir. 2009). As the district court's decision reflects consideration of Miller's motion and the 18 U.S.C. § 3553(a) factors, the denial of the motion was not an abuse of discretion. *See United States v. White-bird*, 55 F.3d 1007, 1010 (5th Cir. 1995).

This appeal does not present a nonfrivolous issue. *See Howard*, 707 F.2d at 220. Miller's IFP motion is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

**UNITED STATES of America,**
**Plaintiff-Appellee**

v.

**Nelson Javier MELGAR-RAMOS, also known as Nelson Melgar Ramos, also known as Nelson Javier Melgar Ramos, also known as Nelson Melgar, Defendant-Appellant**

**No. 17-20162**
**Summary Calendar**

United States Court of Appeals, Fifth Circuit.

Filed February 15, 2018

Jimmy Eric Pardue, Carmen Castillo Mitchell, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff-Appellee

Nelson Javier Melgar-Ramos, Pro Se

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM: *

Nelson Melgar-Ramos pleaded guilty to illegal reentry. The Presentence Report, using the 2014 version of the Sentencing Guidelines which covers the period when Melgar-Ramos committed the immigration offense, calculated a total offense level of 10 and criminal history category of IV. That resulted in an advisory range of 15-21 months' imprisonment. The PSR noted that an upward departure might be warranted due to underrepresented criminal history because this was Melgar-Ramos's fourth felony and he had a prior encounter with immigration authorities that did not receive any criminal history points.

At the hearing, the district court imposed an upward variance of 36 months. As justification for that decision, the court identified the defendant's "grossly understated" criminal history. It then chronicled all of those prior offenses, which include child endangerment, twice driving with a revoked license, twice possessing cocaine, driving while intoxicated, and injury to a child. The court noted details of the recent injury to a child offense, which involved Melgar-Ramos on two separate occasions putting his hand inside the shirt of a sleeping 11-year-old female who was spending the night with his children. The district

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.